Lewis Jones, Incorporated v. Commissioner.
Lewis Jones, Inc. v. Commissioner
Docket No. 108873.
United States Tax Court
1943 Tax Ct. Memo LEXIS 454; 1 T.C.M. (CCH) 581; T.C.M. (RIA) 43075; February 11, 1943
*454 C. W. Randall, Jr., Esq., for the petitioner. Paul E. Waring, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: This proceeding is for the redetermination of deficiencies in income tax for the fiscal years ended May 31, 1938, 1939 and 1940, in the amounts of $3,293.11, $2,460.74 and $1,989.57, respectively. The facts were stipulated by the parties, and as so stipulated are adopted as our findings of fact, but set out below only so far as deemed material here. Findings of Fact Petitioner is a Pennsylvania corporation, incorporated on May 16, 1918, to engage in the business of a "central heating plant." It is a public utility corporation, subject to the regulations of the Pennsylvania Public Utility Commission, and filed its income and excess-profits tax returns for the taxable years with the collector of internal revenue for the first district of Pennsylvania, at Philadelphia. During the period June 1, 1918 to May 31, 1937, petitioner acquired assets comprising a portion of its distribution system at a cost of $112,832.10. During the period May 31, 1919 to May 31, 1937, inclusive, petitioner acquired title to assets comprising the balance of its *455 distribution system, the cost of which was paid for by various persons, partnerships and corporations desiring the extension of petitioner's steam heating distribution system. Petitioner did not pay for any of these assets, their total cost of $298,458.63 being paid by petitioner's customers pursuant to various agreements, copies of which are attached to the stipulation of the parties and marked schedules 3 to 7, inclusive. During the period June 1, 1918 to May 31, 1937, inclusive, the total depreciation sustained and allowed by the respondent on that portion of petitioner's distribution system purchased by it was $35,366.31. During the period June 1, 1918 to May 31, 1937, the total depreciation sustained and allowed by the respondent on that portion of the petitioner's distribution system the cost of which was paid for by petitioner's customers, pursuant to the agreements above referred to, was $140,086.50. The total depreciation allowed by respondent during the period June 1, 1918 to May 31, 1937, on all assets referred to above as comprising petitioner's distribution system, was $175,452.81. During the taxable years 1938, 1939 and 1940, petitioner made additions to its distribution *456 system at a cost of $9,300.38, $1,067.83 and $3,315.21, respectively. In its income and excess-profits tax returns for the taxable years 1938, 1939 and 1940, petitioner claimed as deductions from gross income depreciation on its distribution system in the amounts of $17,677.49, $17,897.81, and $14,816.08, respectively. Respondent in his notice of deficiency allowed as deductions from gross income depreciation sustained by petitioner on that part of its distribution system purchased by it within the taxable years, computed at the rate of two percent per annum, in the amounts of $93, $196.69 and $240.52, respectively. Respondent in his notice of deficiency did not allow as deductions from gross income for the taxable years depreciation on assets which were paid for by petitioner's customers, pursuant to the various agreements referred to above, nor did he allow depreciation on any portion of the distribution system purchased by petitioner prior to May 31, 1937. Depreciation allowable for the taxable years is to be computed at the rate of two percent. The assets involved in this proceeding were actually used in the taxpayer's business. Opinion The first issue for consideration *457 is whether or not respondent erred in disallowing deductions for depreciation claimed by petitioner in its tax returns for the taxable years on that part of its distribution system which was paid for by its customers. Precisely the same question, arising on facts not distinguishable from the present proceeding, was considered by us in , and in . In each case we held that the taxpayer was not entitled to deductions for depreciation on that part of its plant or extensions not paid for by it. Our decision in the Arundel-Brooks case was reversed by the Circuit Court of Appeals for the Fourth Circuit on July 30, 1942, at , (1942 P.H. [*] 62896). Our decision in Detroit Edison Co., was affirmed by the Circuit Court of Appeals for the Sixth Circuit on November 30, 1942, , (1942 P.H. [*] 63090). In , where certain water mains, pipe lines and other connections were paid for by subdividers *458 and transferred to the taxpayer in aid of construction, in consideration of his promise to furnish water for consumers in the subdivision, we held that the basis for determining gain upon the subsequent sale of stocks and bonds received by the taxpayer in exchange for his plant, including such assets, was the cost of the property to the taxpayer, exclusive of the value of the assets received from the subdividers. The question in that case, therefore, was in principle the same as that involved in the two cases first above cited, since the basis upon which deductions for depreciation are allowable is the same as that for determining gain upon the sale or other disposition of such property. Section 114 (a), Revenue Act of 1938 and the Internal Revenue Code. Our decision in the Robinson case was affirmed by the ). In this situation, we respectfully adhere to our views expressed in the decisions above cited, and hold, in the case at bar, that petitioner is not entitled to any allowance for depreciation on that part of its distribution system which was paid for by *459 its customers. Respondent's determination on this point is approved. The conclusion reached above on the first issue makes it necessary to decide a second issue, namely, whether or not respondent correctly disallowed deductions taken by petitioner in its returns for the taxable years on certain portions of its distribution system bought and paid for by petitioner prior to 1938, on the theory that the total depreciation taken and allowed on the entire distribution system, including those parts paid for by petitioner's customers, exceeds the depreciable basis on the portion bought and paid for by petitioner. Substantially the same question, among others, was considered by us in , and decided adversely to petitioner's contention. There the taxpayer, in years prior to 1934, claimed and was allowed depreciation on a class of assets designated as "Piers and Waterfront Properties." The basis upon which depreciation was computed and allowed by the Commissioner included the cost of real estate, a nondepreciable asset. The depreciation so allowed to the beginning of 1934, exceeded the cost of the depreciable assets *460 by reason of the inclusion of depreciation allowances on the real estate. We held the taxpayer was not entitled to any deduction for depreciation in respect of depreciable assets for the years 1934, 1936 and 1937. In the instant proceeding, the depreciation allowed on petitioner's entire distribution system, including those parts paid for by its customers, exceeds the basis of the portions paid for by petitioner prior to 1938. Accordingly, we hold that petitioner is not entitled to additional deductions for depreciation in the taxable years on such assets paid for by it. On this point respondent's action is approved. Decision will be entered for respondent.